GIBSON v. HERRIN.

[78 South, 946, Division B.]

1. PARTNERSHIP. *Partnership property.*

Where the owner of a team of mules and a wagon permits the use thereof on a farm under an agreement by which she was to receive one-half of the products grown on the farm after payment of rent. In such case the mules and wagon did not become partnership property.

2. SAME.

In such case where the landlord, after the death of the owner, claimed such property under a bill of sale, he was precluded from testifying to his claim by Code 1906, section 1917 (Hemingway's Code, section 1577), which prohibits a claimant against the estate of a deceased person from testifying in support thereof.

APPEAL from the circuit court of Coahoma county. HON. W. A. ALCORN, JR., Judge.

Replevin by Fred Gibson against S. J. Herrin. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Maynard & FitzGerald,* for appellant.

The propositions advanced in this case are so elementary that it is with some trepidation that we attempt

118 Miss.]                    (1)

to prove to the court the soundness of them, as it is practically trying to prove to the court that two and two are four.

That the testimony of S. J. Herrin is incompetent. We cite; *Jones* v. *Bridewell,* 51 Miss. 881; Code 1906, section 1917; *McCaughan* v. *Hardy,* 78 Miss. 598; *Whitehead* v. *Kirk,* 62 So. p. 432.

It was argued in the lower court as a reason for the admission of Herrin's testimony, that Joe Smith, with whom the dead woman worked on shares was a partner of Sarah Keeton and the cases of *Combs* v. *Black,* 52 Miss. 833; *Love* v. *Stone,* 56 Miss. 449, and *McCutchen* v. *Rice,* 56 Miss 455, cited as authority for the competency of the testimony. A reading of these cases will show the utter fallacy of this argument, and we do not believe that counsel will really seriously contend in this court, presided over by real lawyers, that the cases apply at all.

Why the lower court should have directed a verdict in favor of the defendant, it is hard to say from the record. Even if the pages of the ledger are competent, there is certainly the question of whether or not the account was properly due and owing by Sarah Keeton. Beyond a question the case should be reversed, and a judgment entered here for the plaintiff for the possession of the property.

*Cutrer & Johnson,* for appellee.

It is urged that the appellee was not a competent witness to testify as to the dealings between Keeton and Smith and himself, because to do so would be to establish a claim against the estate of a deceased person. His testimony was directed towards establishing a claim against a copartnership, and not as against the estate of a deceased person, although the effect of such testimony might ultimately, in the settlement of accounts between the surviving partner and the deceased partner,

result in fixing some liability as between the parties themselves upon the estate of a decendent. Such testimony has been directly held by this court to be entirely competent. Upon the strength of these cases, the court below ruled properly in admitting the evidence mentioned. *Griffin* v. *Lower,* 37 Miss. 485; *Lamar* v. *Williams,* 39 Miss. 342; *Faller* v. *Jorden,* 44 Miss. 283; *Love* v. *Stone,* 56 Miss. 449; *McCutchen* v. *Rice,* 56 Miss. 455; *Fenner* v. *McGowan,* 58 Miss. 261; *Combs* v. *Black,* 62 Miss. 831; *Cole* v. *Gardner,* 67 Miss. 670.

This court has held that the rule above stated is true, even though the witnesses testified as to transactions which took place with the deceased partner. *Combs* v. *Black, supra.*

Upon the record it appears that this suit is a mere speculative suit, without merit, and that the action of the court below upon all the points passed upon below is right and proper, and that the judgment appealed from should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Fred Gibson, the appellant, sued out a writ of replevin for the possession of two mules of the value of two hundred dollars each and one two-horse wagon valued at twenty-five dollars, alleging that the same was wrongfully detained from him by defendant, S. J. Herrin. Gibson claimed as heir of Sarah Keeton, his mother, and the defendant defended upon the theory that he had a bill of sale constituting a mortgage from Sarah Keeton to secure advances advanced to Joe Smith and Sarah Keeton as tenants upon his place. On the trial Herrin was permitted to testify in general to the transaction between Joe Smith, Sarah Keeton, and himself over the objection and exception of the plaintiff, who claimed that Herrin was incompetent because his testimony tended to establish his claim against the deceased person, Sarah Keeton, contrary to

the statute; Herrin being a party to this suit, and the proceeding being a suit involving the title of the plaintiff and Herrin to this property.

It is undisputed in the record that Sarah Keeton was the owner of the property involved in her lifetime, and that she moved the property upon the premises of Herrin and there worked with Smith as tenant under some arrangement between her and Smith, by which it is claimed that she would have one-half of the products grown upon the place after paying Herrin his one-third rent. The appellee undertakes to justify the admission of this evidence on the theory that it was not a claim against the estate of Sarah Keeton, but to establish liability against the partnership existing between Sarah Keeton and Joe Smith.

We do not think that the evidence can be admitted upon that theory. This is a proceeding involving the property of Sarah Keeton and the establishing of a debt to Herrin, and not a mere establishment of a claim against a partnership and partnership property. Herrin was permitted to go into the details of all the agreements between him and Sarah Keeton, and to establish not only the correctness of his books but the various items charged on the books to Sarah Keeton. We think this evidence was clearly incompetent under our statute (section 1917, Code of 1906 [Hemingway's Code, section 1577]). There are numerous other objections to the admission of evidence and exceptions taken, some of which were erroneous, but are not of any vital importance in deciding the issues, and we presume that they will not occur on the retrial of the cause. For the admission of the evidence of Herrin as to agreements and transactions between him and Sarah Keeton, judgment is reversed and the cause remanded.

*Reversed and remanded.*